A07A0582. THE STATE v. THOMPSON.
(644 SE2d 889)

ANDREWS, Presiding Judge.

A trial court dismissed a Columbia County indictment against Kristen Thompson on the ground that the State had failed to bring her to trial when she returned from imprisonment in South Carolina to face charges in Lincoln County. The State appeals, and we affirm.

The State has failed to prove by citations to the record that the trial court's account of the case is incorrect. See Court of Appeals Rule 25 (a) (1). In March 2000, while Thompson was imprisoned in South Carolina, both Lincoln County and Columbia County filed detainers against her pursuant to the Interstate Agreement on Detainers,

OCGA § 42-6-20. Columbia County's detainer concerned a 1998 indictment for terroristic threats and acts. On May 17, 2001, Thompson notified the Toombs Judicial Circuit prosecutor in writing that she was imprisoned in South Carolina and that she was now making "a request for final disposition of all untried indictments, information or complaints on the basis of which detainers have been lodged against me from your state." See OCGA § 42-6-20, Article III (a). Lincoln County is a part of the Toombs Judicial Circuit, while Columbia County is a part of the Augusta Judicial Circuit. See OCGA § 15-6-1 (5), (40).

On May 25, 2001, Thompson signed a waiver of extradition from South Carolina to Georgia. On June 21, the South Carolina authorities delivered Thompson to Georgia, and she entered a guilty plea on the Lincoln County charges the same day. Instead of being transported to Columbia County to answer the pending charges against her there, however, Thompson was returned to the custody of the South Carolina authorities.

Approximately one year later, Columbia County issued another detainer concerning the 1998 charges. Pursuant to these documents, Thompson was returned to Georgia a second time; she was convicted of the 1998 Columbia County charges in December 2002. Thompson then brought a motion to dismiss the indictment with prejudice on the ground that the State had violated the IAD. After a hearing, the trial court granted the motion.

The State argues that the Columbia County charges should not be dismissed because Thompson's notice was sent only to the Toombs Judicial Circuit prosecutor. We disagree.

Article III (a) of the IAD, codified at OCGA § 42-6-20, provides that a person imprisoned in one state with a pending indictment in another state "shall be brought to trial within one hundred eighty days" after that person gives the prosecutor and the court of the second state "written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment. . . ."Article III (d) provides that the prisoner's request

> shall operate as a request for final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against the prisoner from the state to whose prosecuting official the request for final disposition is specifically directed. . . .

Finally, Article IV (e) provides that

> [i]f trial is not had on any indictment . . . contemplated hereby prior to the prisoner's being returned to the original

place of imprisonment . . . , such indictment . . . shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

A prisoner's request applies to all untried indictments "on the basis of which detainers have been lodged against the prisoner *from the state* to whose prosecuting official the request for final disposition is specifically directed." (Emphasis supplied.) OCGA § 42-6-20, Art. III (d). There is no county- or circuit-specific language here. See *Florida v. Wiggins*, 425 S2d 621, 622 (Fla. App. 1983) (since the state of Florida is "a single jurisdiction," each county filing a detainer has responsibility to proceed to trial "prior to the return of the prisoner to the original place of imprisonment"). The statute mandates, moreover, not only that a defendant "shall" be brought to trial on all Georgia charges within 180 days of a proper IAD request, but that any charge not tried before a return to the original place of imprisonment "shall not be of any further force or effect." See *Morrison v. State*, 280 Ga. 222, 224 (626 SE2d 500) (2006) (if receiving state fails to try a prisoner within statutory time limits, or if the prisoner is returned to the sending state without having been tried, "any untried charges must be dismissed with prejudice"); compare generally *Barton v. Atkinson*, 228 Ga. 733, 739 (1) (187 SE2d 835) (1972) (command not accompanied by negative words restraining the doing of the thing afterward will generally be construed as merely directory and not as a limitation of authority).

Having filed a detainer against her, Columbia County was bound by Thompson's request to the Toombs prosecutor for final disposition of all pending charges in Georgia. Thompson returned to Georgia within 180 days of her request, but Columbia County failed to bring her to trial during her return or at any time before the 180-day period elapsed. The trial court therefore did not err when it dismissed the 1998 indictment against Thompson. See *Wiggins*, supra (when prisoner brought into state under the IAD to answer charges in one county is returned to the sending state, charges arising in second county must be dismissed with prejudice).

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED APRIL 2, 2007.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellant.

*Axam & Adams, Tony L. Axam*, for appellee.